IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE L. BROWN, | No. 2:15-cv-0370-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendant. / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for leave to proceed in forma pauperis (Doc. 9) and motion for preliminary injunction (Doc. 3).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will, therefore, be granted.

    To:   The California Department of Corrections and Rehabilitation
          1515 S Street, Sacramento, California 95814:

Plaintiff is obligated to pay the full statutory filing fee of $350.00 for this action. In addition to any initial partial filing fee required to be assessed, plaintiff will be obligated to

1

1  make monthly payments in the amount of twenty percent of the preceding month's income
2  credited to plaintiff's inmate trust account.  The agency referenced above is required to send to
3  the Clerk of the Court the initial partial filing fee and thereafter payments from plaintiff's inmate
4  trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of
5  $350.00 is paid in full.  See 28 U.S.C. § 1915(b)(2).

6　　　　　To the extent plaintiff is requesting a preliminary injunction order, however, his
7  motion is insufficient.  His request, docketed as a motion, consists solely of a proposed order.
8  There is in fact no motion, signed by plaintiff, setting forth the grounds for the court to consider.
9  The document titled declaration in support of preliminary injunction declaration is not a
10 declaration, is not signed by plaintiff, and is written as an order for the court to sign.  Such a
11 filing is simply insufficient.

12　　　　　The legal principles applicable to requests for injunctive relief, such as a
13 temporary restraining order or preliminary injunction, are well established.  To prevail, the
14 moving party must show that irreparable injury is likely in the absence of an injunction.  See
15 Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.
16 Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser
17 standard by focusing solely on the possibility of irreparable harm, such cases are "no longer
18 controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
19 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
20 likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
21 injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
22 interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

23　　　　　Accordingly, IT IS HEREBY ORDERED that:

24　　　　　1.　　Plaintiff's motion for leave to proceed in forma pauperis (Doc. 9) is
25 granted;
26 / / /

2. Plaintiff is required to pay the full statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. §§ 1914(a) and 1915(b)(1);

3. The director of the agency referenced above, or a designee, shall collect from plaintiff's inmate trust account an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and shall forward the amount to the Clerk of the Court, such payment to be clearly identified by the name and number assigned to this action;

4. Thereafter, the director of the agency referenced above, or a designee, shall collect from plaintiff's inmate trust account the balance of the filing fee by collecting monthly payments from plaintiff's inmate trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to plaintiff's inmate trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee for this action has been paid in full, such payments to be clearly identified by the name and number assigned to this action;

5. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's signed in forma pauperis affidavit to the address shown above;

6. The Clerk of the Court is further directed to serve a copy of this order on the Financial Department of the court; and

7. Plaintiff's motion for preliminary injunction (Doc. 3) is denied.

DATED: September 22, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE