IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE L. BROWN,                                No. 2:15-cv-0370-CMK-P

      Plaintiff,

  vs.                                                    ORDER

JEFFREY BEARD, et al.,

      Defendant.

/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a preliminary injunction (Doc. 13).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1

1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). However, where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, plaintiff is requesting the court order that he be transferred to a CDCR medical facility. The court notes that after filing the pending motion, plaintiff was transferred to California Medical Facility. As such, his request is moot as he has already received the action requested in his motion.

Plaintiff has also filed a motion for appointment of counsel (Doc. 17). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff indicates he has both mental and physical ailments. He also states that he was previously receiving assistance from an inmate at his prior institution, but has been transferred and is no longer receiving that assistance. However, petitioner's motion and exhibits

2

indicate that he is able to understand these proceedings and articulate his claims sufficiently without the assistance he was previously receiving.  This case does involve multiple defendants related to plaintiff's health care, but does not appear to be particularly complex at this time.  At this stage of the proceedings, it is not clear whether he has any likelihood of success on the merits.  His request will therefore be denied, but without prejudice to raising the issue later in these proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction (Doc. 13) is denied; and
2. Plaintiff's motion for appointment of counsel (Doc. 17) is denied.

DATED: January 31, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE