|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| LANCE L. BROWN, | No. 2:15-CV-0370-DMC-P |
| --- | --- |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges Defendants violated his Eighth Amendment rights by denying him competent and appropriate medical care, violated his Fifth Amendment due process rights, violated his Fourteenth Amendment equal protection and due process rights, and violated the cruel and unusual punishment and due process and equal protection provisions of the California constitution. For the reasons set forth below, Plaintiff's complaint is dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

/ / /

/ / /

/ / /

2

## II. PLAINTIFF'S ALLEGATIONS

In a meandering, voluminous, and difficult to interpret complaint, Plaintiff seems to allege Defendants violated his Eighth Amendment rights by denying him access to competent and appropriate medical care. It is not entirely clear from the complaint Plaintiff's exact argument regarding this claim. Plaintiff further alleges a violation of his rights under the Fifth Amendment's due process clause and the Fourteenth Amendment's due process and equal protection clauses. These claims are even less clear. Plaintiff provides little factual connection between the alleged violations and the actions of any of the Defendants. Finally, Plaintiff alleges Defendants violated the California constitution's cruel and unusual punishment, due process, and equal protection provisions. These claims include no factual allegations connecting any of the Defendants to the alleged violations.

## III. ANALYSIS

Plaintiff's complaint and the over 100 pages of attached documents fail to meet the pleading requirement of a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry, 84 F.3d at 1177. Thus, the court finds that plaintiff's complaint does not meet the Rule 8 requirement for a short and plain statement of the claim showing an entitlement to relief.

Plaintiff names multiple defendants who are not mentioned in the complaint and who have seemingly no connection with any of the alleged violations. It is unclear how defendants Bread, Gipson, Valenzuela, Swarthout, Parano, Ancona, Ortiz, Meyers, Does one through twenty, the Medical Authorization Review Committee, and the Institutional Utilization Management Committee are related to this case and what, if any, role they played in the alleged violations of Plaintiff's rights. Additionally, of those Defendants that are discussed in the complaint – Taylor, Griffin, Haar, Barber, Zamora, Fleschman, and Smiley – it is unclear how they violated defendant's Eighth, Fifth, and Fourteenth Amendment rights.

For these reasons, plaintiff's complaint must be dismissed. The court will, however, grant plaintiff the opportunity to file an amended complaint.

## IV. AMENDING THE COMPLAINT

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: November 15, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE